THOMAS MARCELLUS DILLING v. FEDERAL LIFE INSURANCE
COMPANY.

(Filed 26 February, 1936.)

**Insurance R a—Whether accident was exclusive and independent cause
of disability held for jury upon conflicting evidence.**

Insured under a policy of accident and health insurance suffered an
accidental injury, and accepted from insurer a fixed amount in settlement
for all claims for the injury under the policy. About three months there-
after, insured accidentally fell and became totally disabled. *Held:*
Whether the disability resulted solely from the first accident or whether
the first accident was a contributing cause of the disability, in which
events insurer would not be liable under the terms of the policy, or
whether the disability resulted independently and exclusively from the
second accident, in which event insurer would be liable, is a question for
the determination of the jury upon conflicting evidence.

APPEAL by plaintiff from *Clement, J.,* at the February, 1935, Regular
Civil Term of MECKLENBURG. Reversed.

The plaintiff sues the defendant on Policy 66010 in the Federal Life
Insurance Company, of Chicago, Ill. In said policy is the following:
"Schedule of Accident Monthly Indemnities—Part Two—(A) Or if
such injuries, independently and exclusively of all other causes, wholly
and continuously shall disable the insured from the date of accident
from performing any and every kind of duty pertaining to his occupa-
tion, so long as the insured lives and suffers said total disability, the
company will pay a monthly indemnity of eighty dollars, but in no event
for a period in excess of sixty months."

There is no question as to the premiums being paid and the policy
being in force. The plaintiff filed a claim with defendant for an injury
and gave a receipt to defendant for $173.00, "In full advance settlement
of all claims accrued or to accrue under Policy No. SPRT 66010 on
account of injury sustained on Feby. 27 (28), 1931."

In plaintiff's statement to defendant of his injury is the following:
"I was injured Feb. 28, 1931. Hour AM. 7 P.M. Here state fully
and precisely what you were doing at the time accident occurred. Walk-
ing along street. Where were you when the accident occurred? (De-
scribe immediate surroundings.) On North Brevard Street. How did
the accident happen? Driver applied brakes, car skidded and hit ankle.
Day and hour after I was injured on which I quit work. Feb. 28, 1931,
hour 7:30 P.M. What parts of your work or duties can you attend to
since injury? None. . . . If paid at once, without requiring fur-
ther proofs, what number of days' indemnity are you willing to accept
in full payment of your claim for the injury? Sixty days."

The plaintiff brought the present action on 2 March, 1933, and among other things in his complaint alleges: "That the plaintiff has notified the defendant of his disability due to the accident, in which his disability has continued up to the present time, due to the accident, which the said defendant has injured (insured) the plaintiff against but the defendant has refused, failed, and still refuses to pay any amount of the monthly installments, as provided by the policy, since the plaintiff was last injured. That the injuries sustained on or about 25 May, 1931, have resulted in a permanent disability of the plaintiff and that he has been wholly and continuously disabled from date of said accident from performing any and every kind of duty pertaining to his occupation, and the said disability will continue the rest of his life. That the total and permanent disability that the plaintiff is now suffering from, which has been total and permanent since 25 May, 1931, and is and will remain total and permanent for the remainder of plaintiff's life, resulted independently and exclusively of all other causes or injuries, from the accident and injury he sustained on 25 May, 1931."

The defendant denied the material allegations of plaintiff and set up the settlement of 28 February, 1931, in bar of recovery, and further says that defendant has no knowledge of any accident other than the one for which settlement was made. The court below nonsuited the plaintiff, and he excepted and assigned error and appealed to the Supreme Court.

*Carswell & Ervin for plaintiff.*
*J. Laurence Jones and J. L. DeLaney for defendant.*

CLARKSON, J. At the close of the plaintiff's evidence and at the close of all the evidence the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below allowed the motion at the close of all the evidence and in this we think there was error.

The learned judge in the court below seems to have been uncertain as to the sufficiency of evidence to be submitted to the jury. The motion for nonsuit at the close of all the evidence was first denied. In the record it appears, "During the argument of counsel, the court sustained the defendant's motion for judgment as of nonsuit."

The able counsel for defendant, as usual, states succinctly defendant's contentions as follows: "We submit that the plaintiff has not shown a disability due independently and exclusively of all other causes to his alleged fall on 25 May, 1931. But on the contrary the record shows the accident of 28 February, 1931, to be the sole cause of his present disability, or at least that the two accidents joined and concurred in pro-

ducing his disability. We respectfully submit that the judgment of nonsuit should be sustained."

After a careful review of the evidence, which we will not repeat, as the case goes back for trial, we think the matter in controversy should have been left for a jury to determine. The evidence was *pro* and *con* on the question involved, therefore it should have been submitted to a jury.

In *Penn v. Insurance Co.*, 160 N. C., 399 (404), rehearing (*S. c.*, 158 N. C., 29), is the following: "Reasoning from the authorities cited in the briefs filed by both parties in the appeal, and in the former opinion of the Court, and the admittedly correct proposition above stated, it appears that under policy contracts such as the one under consideration, three rules may be stated: (1) When an accident caused a diseased condition, which, together with the accident, resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death. (2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause. (3) When at the time of the accident there was an existing disease, which, coöperating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause, or as the cause independent of all other causes."

For the reasons given, the judgment of the court below is

Reversed.