Aaron Adkins

*v.*

American Casualty Company of
Reading, Pennsylvania, *a corporation*

(No. 11090)

Submitted May 3, 1960.            Decided June 7, 1960.

*D. Grove Moler,* for plaintiff in error.

*Kingdon & Kingdon, Arthur Ritz Kingdon,* for defendant in error.

Given, Judge:

This action was prosecuted in the Circuit Court of Wyoming County, by Aaron Adkins against the American Casualty Company of Reading, Pennsylvania, for recovery of monthly disability benefits alleged to have accrued as a result of an accident suffered by plaintiff. On a verdict of a jury the trial court entered judgment for plaintiff in the amount of twenty two hundred twenty dollars, which includes two hundred twenty dollars interest.

The application on which the policy was issued was made through an insurance agency at Mullens, West Virginia, dated June 10, 1957, and the policy was made effective as of that date. Question No. 11 of the application reads: "Have you ever received indemnity for injury or sickness? (Give Name of Company. Amount Paid. Nature of Claim)." The answer was "Yes. American Casualty Co. 1955. Sickness". The answer, insofar as made, was correct, but the evidence clearly disclosed that the insured had received, or was receiving, disability benefits accrued under an accident indemnity policy issued to the insured by Provident Life and Accident Insurance Company of Chattanooga, Tennessee. An application made by the insured, relating to a claim for benefits under the last mentioned policy, dated June 11, 1957, was based on an "injury" which occurred May 21, 1957. The insured described the injury in this language: "I went backward on a studio couch and hurt my back in between my shoulders and pain going down my right arm". There is evidence to the effect that such "injury" could have activated the pre-existing degenerative disc disease mentioned in connection with the accident for which benefits are claimed in the instant action. The insured had previously, before the first injury, received disability benefits under the prior policy for "sickness".

Question 12 of the application on which the policy here involved was issued reads: "To the best of your knowledge and belief, is your health, sight or hearing impaired in any way or are you maimed or deformed? If so, give details". The answer inserted by the insurance company agent was "Yes". Later, by a representative of the insurance company, the "Yes" was stricken, and the answer "No" inserted. The copy attached to the policy delivered to the insured shows the answer "Yes" stricken, and the answer "No" inserted. Though the policy was delivered to and remained in possession of the insured, and though he was advised, in an accompanying let-

ter, to notify the company if the policy was found not to be "in order", he testified to the effect that he did not read the copy of the application. The agent testified to the effect that the insured, after the reading to him of question 12, asked the insurance agent, "What do you mean?"; that the agent then answered the inquiry by stating that the question meant, "Are you in good health?" and that the insured answered "Yes". Defendant contends that other questions material to the issuance of the policy contained in the application were answered falsely, and that evidence concerning their falsity should have been permitted to go to the jury, though not mentioned in any specification of defense, for, at least, the purpose of establishing fraud in the procurement of the policy.

Question 17 of the application for the policy sued on reads: "Do you agree that the falsity of any answer in this application for a policy may bar the right of recovery thereunder if such answer is made with intent to deceive and materially affects either the acceptance of the risk or the hazard assumed by the Company?" The answer was "Yes".

The policy, as to accident benefits, insured only against loss "resulting from accidental bodily injury", and contains this provision: " 'Injury' as used in this Policy means accidental bodily injury which is the sole cause of the loss and is sustained while this Policy is in force"; and accident benefits accruing under the policy were to be paid only "If injury shall within thirty days after the date of the accident wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to his occupation".

The insured contends that the disability sued for resulted from an accident which occurred on July 8, 1957, the result of an attempt by him to enter an automobile. He described the accident in this manner: "I went to step over that mud hole and my foot slipped, it was on the grass. I jumped to keep from getting in the mud hole and my foot slipped and the

top of my head hit the frame of the car over the door and drove my neck backwards and the pain went to radiating down my neck and arms''. On the following day insured was examined by his family physician, who directed him to a hospital for x-ray and other examinations. Such examinations revealed that the insured was suffering from a pre-existing condition diagnosed as ''pre-existing degenerative disc disability causing narrowing of the disc''. The conditions found did not occur ''within two days before the x-rays were taken'', but ''are results of a considerable period of time''. The insurance company does not deny the happening of the accident, or the existence of the disability, but says that the disability existed because of a pre-existing condition, not because of the accident.

There appears to be no contention that the striking of his head by the insured against the automobile, standing alone, resulted in the total disability to insured. The striking of the head, standing alone, caused no total disability, except, perhaps, for a few minutes. The contention of plaintiff is that the ''blow on plaintiff's head occurring on July 8, 1957, was the precipitating cause of plaintiff's'' disability. From the evidence it is certain that the disability could not have resulted except for the pre-existing diseased condition. There is evidence, however, that the striking of the head resulted in causing the pre-existing condition, theretofore dormant, to become active, resulting in the disability.

The trial court, on motion of plaintiff, over objections of defendant, instructed the jury ''that if you believe from the evidence that the admitted disablement of the plaintiff, Aaron V. Adkins, from engaging in his usual occupation, due to pain and stiffness in his neck and with accompanying pain running down into his arm or arms, directly or proximately resulted from an accidental blow on his head which occurred on July 8, 1957, then you should make a verdict for the plaintiff in the sum of $2,000.00; if you do not so believe and find from the evidence, you should

make a verdict for the defendant". The defendant offered its Instruction No. 4, which the court refused to read to the jury, which is in this language: "The Court instructs the jury that plaintiff seeks payment for being disabled from performing his regular occupation by reason of striking his head on July 8, 1957, but before you can find any verdict for him in this case you must believe from the evidence that bumping his head against his automobile on July 8, 1957, was the sole and only cause of the disability for which he claims payment."

While numerous contentions are briefed, relating to falsity of answers contained in the application, the right of defendant to raise any question relating thereto in the absence of any specifications of defense, except as to question No. 11, whether an exact copy of the application was attached to the policy as required by statute, in view of the changes made in the answer to question No. 12, and whether the defendant should be permitted to recoup the four hundred dollars paid to insured, before complete investigation of the claim, as alleged in its plea, we think the determination of the question relating to the language of the policy limiting liability of defendant to accidental bodily injury which is the sole cause of the loss necessarily determines all issues.

We are cited to no decision of this Court, and we find none, controlling the precise question posed. Insurance contracts are, of course, construed liberally in favor of the insured. *Thompson v. State Automobile Mutual Insurance Co.,* 122 W. Va. 551, 11 S. E. 2d 849. But courts are not at liberty to construe plain language inserted in the contract by the parties, but must accord thereto its plain and ordinary meaning. Plain and explicit language can not be disregarded. *Ferimer, Executrix v. Lewis, Hubbard & Co.,* 114 W. Va. 629, 173 S. E. 264; *Leckie v. Bray,* 91 W. Va. 456, 459, 113 S. E. 746. We find no ambiguity or double meaning in the pertinent language used in the contract.

In *Penn v. Standard Life & Accidental Ins. Co.,* 158 N. C. 29, 73 S. E. 99, the plaintiff sued for loss of an

eye, under a policy providing against loss by "bodily injury effected directly and independently of all other causes". The plaintiff, at the time of a fall, was suffering from a cataract on the eye. The Court held: "Where an accident policy provided a specified insurance for the loss of sight, caused directly and independently of all other causes, through external, accidental, and violent means, insured was not entitled to recover for loss of sight due to an injury to an eye, caused by his accidentally falling from a train, such fall having merely hastened the loss of sight in the eye, which would have been ultimately lost independent of the accident because of a cataract." On rehearing, 160 N. C. 399, 76 S. E. 262, the holding was affirmed, the Court then holding: "4. Where, at the time of an accident to insured, there was an existing disease which, co-operating with the accident, resulted in injury or death, the accident was not the sole cause or the cause independent of all other causes within the policy." In the opinion, on rehearing, the Court stated: "Reasoning from the authorities cited in the briefs filed by both parties in the appeal, and in the former opinion of the court, and the admittedly correct proposition above stated, it appears that under policy-contracts, such as the one under consideration, three rules may be stated: (1) When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death. (2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause. (3) When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause or as the cause independent of all other causes."

In *Crowder v. General Accident Fire, & Life Assurance Corp., Limited,* 180 Va. 117, 21 S. E. 2d 772, the claim was under a policy providing for accidental in-

jury "resulting solely from Bodily Injuries effected, during the life of this policy, directly and independently of all other causes". The insurance company contended that the disability did not result from the accident, within the meaning of the policy, the plaintiff contending that "whether his disabilities were due solely to the accident which he suffered * * * or were due in part to the prior accident, was a jury question". The Court quoted with approval the principles summarized in *Penn v. Standard Life & Accidental Ins. Co., supra,* quoted above, holding: "4. Under accident and health policy insuring against injuries caused independently and exclusively of all other causes by external, violent, and accidental means where at the time of an accident insured is suffering from disease which, co-operating with the accident, resulted in injury, the accident is not the sole 'cause of injury' independent of all other causes within the policy." See *Mutual Benefit Health & Accident Association v. Ryder,* 166 Va. 446, 185 S. E. 894.

In *Lucas v. Metropolitan Life Insurance Co.,* 339 Pa. 277, 14 A. 2d 85, 131 A.L.R. 235, the plaintiff sought recovery of benefits for an accidental injury, alleged to have resulted from a fall. It was shown, however, that plaintiff was suffering from a pre-existing infirmity. The policy insured "against the results of bodily injuries * * * caused directly and independently of all other causes", but excluded liability where loss resulted "wholly or partly, directly or indirectly, by disease or bodily or mental infirmity". The court approved the giving of an instruction to the effect "that there could be no recovery unless the disability was caused solely" by the injury, holding: "2. Where, in an action on an accident insurance policy to recover for injuries resulting in certain arthritic conditions, it is shown that the plaintiff at the time of the accident was afflicted with a permanent bone deformity which could have caused arthritis, and his own medical witnesses were unwilling to testify that his arthritic condition was not the result of such deformity, and one of them admitted that it would be a contributing cause

of the condition, while another medical witness testified that the arthritis had been developing ever since the first injury and was merely aggravated by the second injury, there is no material conflict in the evidence on the question whether the previous injury was a contributing cause of the arthritis, and, it being expressly provided in the policy that it shall not cover any accident caused wholly or partly by disease or bodily or mental infirmity, binding instructions for the defendant should be given, so that no error can be predicated by the plaintiff on an affirmance of a request for a charge instructing the jury that there can be no recovery unless the disability was caused solely by the later accident independently of any other cause or pre-existing infirmity.'' The authorities considering the pertinent contentions are analyzed and collated in the A. L. R. annotation. We think it unnecessary to further consider them here. See 29A Am. Jur., Insurance, Section 1212.

Admittedly, the authorities are in hopeless discord. Many well considered opinions from courts of last resort follow a rule which permits recovery under such policies, and in circumstances similar to those of the instant case, on the theory that the accident from which injury results needs to be only the proximate cause of the injury. All seem to agree, however, that the language of the policy, if not ambiguous, controls, and that courts have no right, under an attempt to construe or define, to add to or subtract from, such language. To enlarge or add to the precise liability agreed to by the parties not only changes, if it does not make, the contract for the parties, but very materially extends the liability of the insurer to cases not contemplated, and affords the insured coverage for which he was not charged. There is, we think, a wide difference between the ''sole'' cause of an injury, and the ''sole proximate cause'' of an injury.

Looking to the pertinent provisions of the policy in the instant case, the contract only insures against ''accidental bodily injury'', not for pre-existing in-

firmities added to an accidental injury. The "accidental bodily injury" must be the "sole cause of the loss", not loss caused by the accident plus pre-existing causes or conditions. Moreover, payment of monthly benefits are to be made only "If injury shall * * * wholly and continuously disable". The word "wholly" leaves no room to read into the policy contributing causes, and "sole cause" should not be enlarged or broadened from its ordinary plain meaning to include pre-existing causes. Accidental bodily injury does not "continuously" and wholly disable where other causes are superimposed. We do not, of course, consider the question which would arise if the accident suffered by the plaintiff had originated a disabling condition resulting in total disability.

It was, we think, reversible error for the trial court to instruct the jury to the effect that they should find for the plaintiff if the disability "proximately resulted from an accidental blow on his head". Defendant's Instruction No. 4, quoted above, stated the applicable principle of law.

The judgment of the Circuit Court of Wyoming County is reversed, the verdict of the jury set aside, and the defendant is awarded a new trial.

*Reversed; verdict set aside; new trial awarded.*