AARON V. ADKINS

*v.*

AMERICAN CASUALTY COMPANY OF READING,
PENNSYLVANIA, A CORPORATION

(No. 12121)

Submitted January 16, 1962. Decided March 20, 1962.

*D. Grove Moler,* for appellant.

*Kingdon & Kingdon,* for appellee.

BROWNING, JUDGE:

A policy of insurance limited to disability arising by accident was issued by appellant, American Casualty Company of Reading, Pennsylvania, to Aaron Adkins, hereinafter referred to as insured, on June 10, 1957, and the terms of the policy were made effective as of that date. The contract of insurance provided for payment at the rate of Two Hundred Dollars a month. As

the result of an alleged injury on July 8, 1957, the insured made application for benefits and was paid for two months at the rate provided in the policy. Upon appellant's refusal to make further payments, insured instituted an action in the Circuit Court of Wyoming County, the declaration having been filed on July 7, 1958, to recover the monthly payments allegedly due through that date, and a subsequent action upon the same policy, the declaration therein being filed on August 12, 1959, to recover the balance of the payments allegedly due under the contract to that date. Pursuant to the verdict of a jury, upon the trial of the first action, judgment was entered for the plaintiff on April 24, 1959, in the sum of Twenty-two Hundred Twenty Dollars, including interest in the amount of Two Hundred Twenty Dollars. This Court granted a writ of error to that judgment and on June 7, 1960, in the case styled *Aaron Adkins v. American Casualty Company of Reading, Pennsylvania, a corporation,* 145 W. Va. 281, 114 S. E. 2d 556, reversed that judgment, set aside the verdict of the jury and awarded a new trial, stating in the opinion: "It was, we think, reversible error for the trial court to instruct the jury to the effect that they should find for the plaintiff if the disability 'proximately resulted from an accidental blow on his head'. Defendant's Instruction No. 4, quoted above, stated the applicable principle of law." Defendant's Instruction No. 4, to which reference is made, was in this language: "The Court instructs the jury that plaintiff seeks payment for being disabled from performing his regular occupation by reason of striking his head on July 8, 1957, but before you can find any verdict for him in this case you must believe from the evidence that bumping his head against his automobile on July 8, 1957, was the sole and only cause of the disability for which he claims payment."

Upon remand and retrial, the Circuit Court of Wyoming County, on April 10, 1961, after reciting that: "The above captioned actions, heretofore consolidated for a joint trial thereof, came on for trial before the

Court and a Jury, . . . and the issues having been duly tried and the jury on March 31st, 1961, having rendered a verdict for the plaintiff, Aaron v. Adkins, to recover of the defendant damages in the amount of Four Thousand, Four Hundred Dollars ($4,400.00), . . . ." entered judgment for the plaintiff in that amount. On May 1, 1961, a motion for a new trial was overruled and the judgment confirmed, to which action this Court granted a writ of error on June 26, 1961.

In a pre-trial order entered August 25, 1960, it is recited that a pre-trial conference was held on August 22, 1960, the parties being represented by counsel, and that certain facts were agreed upon. The order states that the defendant "does not question the fact that the plaintiff did sustain a blow on his head by striking it on his car on the above mentioned date and that since that date and for a period of twelve months thereafter, the plantiff has been disabled to the extent that he could not perform any of the duties of his usual occupation, but the defendant denies liability under the said accident insurance policy" upon the grounds, (a) the injury was not the sole cause of the disablement of the defendant, (b) "That the policy of accident insurance in issue is avoided by reason of the plaintiff's misrepresentation of material facts in his written application for the policy sued on" and (c) "That the policy of accident insurance in issue is avoided by reason of verbal false statements" or "concealments" of material facts made by the insured with regard to the previous condition of his health and other material matters at the time he applied for the policy of insurance.

The pertinent provisions of the policy involved insure only against loss resulting from accidental bodily injury, and specifically define the word "Injury" as used in the policy to mean "accidental bodily injury which is the sole cause of the loss and is sustained while this Policy is in force". Accident benefits accruing under the policy were to be paid only "If injury shall within thirty days after the date of the accident

wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to his occupation''. The single syllabus point in *Ad-Kins v. American Casualty Company of Reading, Pennsylvania*, 145 W. Va. 281, 114 S. E. 2d 556, decided by this Court on June 7, 1960, states: ''The insured in an accident policy providing for payment of benefits for loss 'resulting from accidental bodily injury', limiting the meaning of the word 'injury' to the 'sole cause of the loss', and providing that benefits would be payable only in the event the 'accident wholly and continuously' disabled the insured, is not entitled to recover benefits for total disability on a showing that an accident merely activated a pre-existing diseased condition, which resulted in the disability.'' This determination, of course, constitutes the law of the case. ''The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case.'' Pt. 1, Syllabus, *Mullins v. Green*, 145 W. Va. 469, 115 S. E. 2d 320.

In the first trial the appellee described his injury thus: ''I went to step over that mud hole and my foot slipped, it was on the grass. I jumped to keep from getting in the mud hole and my foot slipped and the top of my head hit the frame of the car over the door and drove my neck backwards and the pain went to radiating down my neck and arms.'' At the second trial, his description of the manner in which he was injured was much the same. On July 9, the day following the accident, appellee's family physician referred him to the Miners' Memorial Hospital in Beckley where X-ray films of appellee's cervical spine were made. The only medical witness who testified for appellee at the second trial was Dr. H. B. Luscombe of the Miners' Memorial Hospital and he stated that the films showed: ''Now, these are the bodies of the vertebra here. Between the bodies of the vertebra there is what is known as discs, which are rather soft cushion-

like substances. Now, in order of these discs to work, there must be some spacing between the vertebra for them to work. Now, in this particular view here, which is a view from the side, you can see here the narrowing of the spaces here, here, and here . . . . This is what is called spurring . . . . Now, this is not an uncommon thing to see in a man of Mr. Adkins' age because these things occur. These are like worn bearings in a car. You use your neck over fifty years and something starts giving and something starts wearing out." This witness was asked these questions and made these answers on direct examination: "Q. Would trauma, a blow to the neck, alter the picture in many cases? A. Would it alter the picture? Q. Would that be expected to bring on symptoms where otherwise a man might not otherwise suffer symptoms? A. It could precipitate symptoms." This witness was also asked a hypothetical question which is in the identical language of such a question asked him at the first trial, the question containing appellee's version of the accident, his pain and stiffness of the neck, etc., thereafter and concluded in this language: "Doctor, assuming all of these facts, state your opinion whether the blow on the plaintiff's head occurring on July 8, 1957, was the precipitating cause of the plaintiff's admitted disabling symptoms, namely, limitation of motion and pain in his neck with pain radiating down his arms that you observed when you first saw him in October, 1957." Over objection of counsel for the appellant, the witness answered: "The answer is yes." Upon cross-examination this witness was asked whether the condition of the injured's neck "as shown on the X-ray of July 10th, occurred between July 8th, 1957, and July 10th, 1957, or existed before July 8th, 1957", and his answer was: "It existed long before that." He further stated on cross-examination that assuming all of the history and symptoms contained in the hypothetical question to be true if the blow to the injured's head "as described to you at that time it activated or aggravated the pre-existing arthritis" and answered, "I would say that." In view of this testimony by the single medical witness for the

insured it will not be necessary to discuss the medical evidence of the appellant.

On the second trial the trial court refused to give appellant's instruction No. 4 which would have told the jury that if they believed from the evidence that the "disability claimed by the plaintiff was not solely due to the bumping of his head on July 8, 1957, but was due wholly or in part to some cause pre-existing the issuance of the policy sued upon, . . . you shall find for the defendant." Upon the law of the case as laid down in *Aaron Adkins v. American Casualty Company of Reading, Pennsylvania, a corporation,* 145 W. Va. 281, 114 S. E. 2d 556, it is clear that the appellant was entitled to such an instruction. Moreover, upon the testimony adduced in behalf of the insured, it is equally clear that the appellant was entitled to a directed verdict. This language was used in the opinion in that case and was the basis for the syllabus point heretofore quoted: "Looking to the pertinent provisions of the policy in the instant case, the contract only insures against 'accidental bodily injury', not for pre-existing infirmities added to an accidental injury. The 'accidental bodily injury' must be the 'sole cause of the loss', not loss caused by the accident plus pre-existing causes or conditions. Moreover, payment of monthly benefits are to be made only 'If injury shall * * * wholly and continuously disable'. The word 'wholly' leaves no room to read into the policy contributing causes, and 'sole cause' should not be enlarged or broadened from its ordinary plain meaning to include pre-existing causes. Accidental bodily injury does not 'continuously' and wholly disable where other causes are superimposed. We do not, of course, consider the question which would arise if the accident suffered by the plaintiff had originated a disabling condition resulting in total disability."

In view of the foregoing, it is deemed unnecessary to discuss the other assignments of error.

The judgment of the Circuit Court of Wyoming County is reversed, the verdict of the jury is set aside

and this case is remanded to that court for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*