566 S.E.2d 233

**Christine B. PHARES, Plaintiff Below, Appellant,**

v.

**Charles J. BROOKS and Charles L. Brooks, Guardian for Charles J. Brooks, Defendants Below, Appellees.**

No. 30318.

Supreme Court of Appeals of West Virginia.

Submitted June 5, 2002.

Decided June 17, 2002.

---

Harley O. Staggers, Esq., Staggers & Staggers, Keyser, for Appellant.

Michele L. Dearing, Esq., E. Kay Fuller, Esq., Kenneth J. Ford, Esq., Martin & Seibert, L.C., Martinsburg, for Appellees.

PER CURIAM:

In this personal injury action, the appellant, Christine B. Phares, claims, among other things, that a member of the jury panel failed to respond properly to a *voir dire* question and that, as a consequence, the verdict which the jury ultimately rendered

was tainted. After reviewing the facts of this case, this Court believes that the trial court should have conducted a hearing on the appellant's claim, and because no such hearing was conducted, the Court believes the case should be remanded for an appropriate inquiry into what occurred.

## I.

### FACTS

This case grows out of a head-on collision between two vehicles which occurred on June 13, 1998, on Painter Hollow Road, a narrow, winding, rural road located in Mineral County, West Virginia. The vehicle which struck the appellant's car was driven by Charles J. Brooks and was owned by his father Charles L. Brooks.

Following the accident, the appellant sued Mr. Brooks and his father for damages for the personal injuries which she sustained in the accident.

During the development of the case, depositions were taken and various motions were made, including a motion by the appellant for summary judgment. The court, however, denied that motion and set the case down for a jury trial.

Prior to the commencement of the actual trial of the case, *voir dire* was conducted. During *voir dire*, the appellant was allowed to ask if any potential juror was familiar with the scene of the collision. Specifically, appellant's *voir dire* question six was: "Is there anyone familiar with Painter Hollow Road?" One member of the panel, Ms. Judith Dolechek, did not answer in the affirmative. During the further questioning of the panel, Ms. Dolechek indicated that she worked for an insurance company. She, however, also indicated that her job would, in no way, influence her verdict.

In the course of the actual trial of the case, the court made various evidentiary rulings which the appellant claims were erroneous,

and ultimately the case was submitted to the jury.

The jury, during its deliberations, asked the trial court four questions involving whether an insurance company had paid the appellant's bills, whether there were any unpaid bills, whether a traffic citation had been issued, and whether the parties had been wearing seat belts at the time of the accident. The court informed the jury that the questions could not be answered, and, subsequently, the jury returned a verdict which found both parties 50 percent negligent. As a consequence, the appellant received no actual damage award as a result of the trial.

The appellant later moved to set aside the jury's verdict. The trial court, however, overruled the motion and entered judgment upon the verdict.

The appellant's attorney, as allowed by Rule 4.09 of the West Virginia Trial Court Rules, contacted three jury persons involved in the case, including Ms. Judith Dolechek.[1] Ms. Dolechek informed the appellant's attorney that she had friends who lived near the scene of the accident, and that she believed that the curve where the accident occurred was so dangerous that no one could be at fault for any accident which occurred there. Ms. Dolechek also expressed the opinion that everyone sued and that lawsuits caused insurance rates to rise.

After learning that Ms. Dolechek was, and apparently had been prior to trial, familiar with the scene of the accident and might have had an opinion as to who could be at fault for an accident which had occurred there, the appellant requested that the trial court conduct a hearing on the failure of Ms. Dolechek to respond to the *voir dire* question designed to determine if any member of the jury panel was familiar with the scene of the accident. Further, the appellant asked the court to determine if Ms. Dolechek had responded falsely when she stated on *voir dire* that the fact that she worked for an insur-

---

1. Rule 4.09 of the West Virginia Trial Court Rules provides:

No party, nor his or her agent or attorney, shall communicate or attempt to communicate with any member of the jury until after that juror has been excused from further service for

a particular term of court, without first applying for (with notice to all other parties) and obtaining an order allowing such communication. The circuit court shall liberally grant the request.

ance company would not influence her verdict in light of the fact that she later stated that everyone sued and that lawsuits drove up insurance rates.

The trial court denied the appellant's motion for an inquiry into Ms. Dolechek's conduct, and it is from the denial of that motion, as well as the denial of the appellant's motion for a new trial, that the appellant now appeals.

## II.

## STANDARD OF REVIEW

■ In Syllabus Point 4 of *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996), this Court stated: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*"

## III.

## DISCUSSION

■ In Syllabus Point 2 of *West Virginia Human Rights Commission v. Tenpin Lounge, Inc.,* 158 W.Va. 349, 211 S.E.2d 349 (1975), this Court stated: "Upon an allegation before a trial court that a juror falsely answered a *material* question on *voir dire,* and where a request is made for a hearing to determine the truth or falsity of such allegation it is reversible error for the trial court to refuse such hearing." *See also, Pleasants v. Alliance Corporation,* 209 W.Va. 39, 543 S.E.2d 320 (2000).

■ The appellant in the present case claims that potential juror Dolechek, in effect, falsely answered questions on *voir dire.* Specifically, appellant claims that appellant's *voir dire* question number six was: "Is there anyone familiar with Painter Hollow Road?" It does not appear that Ms. Dolechek, a member of the jury panel, positively responded to this question. According to the appellant, Ms. Dolechek after trial asserted that she was familiar with Painter Hollow Road and believed the turn where the collision occurred was so dangerous that neither party could have been at fault.

It also appears that during *voir dire,* information surfaced that Ms. Dolechek worked at an insurance company. The court specifically asked whether her work with an insurance company would influence her in any way. Ms. Dolechek's response was: "No because I just do claims. I type them in, that's it." In the subsequent interview with the appellant's attorney, according to the appellant, Ms. Dolechek, expressed the view that everyone sues and that is why insurance rates are high. Apparently, she also advised the appellant's attorney that she was aware that insurance had paid the appellant's medical bills because she could read through the redaction.

In this Court's view, the question posed by the appellant's attorney to the jury panel as to their knowledge of the scene of the accident was material in that it went to the question of whether the jurors could rule in the case solely on the evidence presented, rather than on personal knowledge. Additionally, the fact that Ms. Dolechek worked for an insurance company was material in that it raised the possibility of bias resulting from employment.

■ After a review of the facts of the case, this Court believes that the appellant plausibly showed that juror Dolechek failed to respond, or falsely responded to material *voir dire* questions, and that under the rule set forth in Syllabus Point 2 of *West Virginia Human Rights Commission v. Tenpin Lounge, Inc., supra,* the appellant is entitled to the hearing which was requested. Further, this Court believes that because of the failure of the circuit court to provide such a hearing, the judgment in this case should be reversed and this case should be remanded for a hearing to determine whether, in fact, Ms. Dolechek falsely answered the questions posed to her on *voir dire.* If, in fact, the questions were falsely answered, this Court believes that the appellant should receive a new trial. If, on the other hand, the court determines that Ms. Dolechek did not, in fact, falsely answer the questions posed on *voir dire,* the Court believes that the original

**350**

judgment should be reinstated.[2]

For the reasons set forth herein, the judgment of the Circuit Court of Mineral County is reversed, and this case is remanded for proceedings consistent with what has been set forth herein.

Reversed and remanded with directions.

---

**2.** The Court notes that the appellant has made a number of other assignments of error. Certain of those assignments deal with whether the evidence supported the factual findings underpinning the ultimate verdict. Such factual findings are within the province of the jury as are the legitimate inferences to be drawn from the findings. *See, Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). The Court has reviewed the appellant's assertions and believes that there was sufficient evidence to support the findings.

The appellant's other assertions relate to evidentiary rulings. This Court has recognized that the West Virginia Rules of Evidence allocate significant discretion to trial courts in making evidentiary rulings. It has further stated that such rulings should be reviewed under an abuse of discretion standard. *Gonzalez v. Conley,* 199 W.Va. 288, 484 S.E.2d 171 (1997). In the present case, the Court has been unable to find such an abuse of discretion as would justify the reversal of the judgment on an evidentiary ruling alone.