590 S.E.2d 370

**Christine B. PHARES, Plaintiff below, Appellant,**

v.

**Charles J. BROOKS, Defendant below, Appellee.**

No. 31236.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2003.

Decided Oct. 21, 2003.

Harley O. Staggers, Jr., Staggers & Staggers, Keyser, for the Appellant.

E. Kay Fuller, Kenneth J. Ford, Martin & Siebert, Martinsburg, for the Appellee.

PER CURIAM:

This is a follow-up appeal from our decision in *Phares v. Brooks*, 211 W.Va. 346, 566 S.E.2d 233 (2002) (per curiam) (hereinafter "*Phares I*") where we reversed and remanded this case with directions to the Circuit Court of Mineral County to hold a hearing to determine if a juror during the trial falsely testified during *voir dire*. After conducting the hearing, the circuit court found the juror did not so testify at *voir dire* and reinstated the verdict. It is from this reinstatement order that Ms. Phares now appeals. Having reviewed the briefs and the record provided to us, we believe that the circuit court abused its discretion in reinstating the verdict.

Thus, we remand this case with directions to grant Ms. Phares a new trial.

I.

FACTUAL AND PROCEDURAL
HISTORY

Ms. Phares and Mr. Brooks were involved in an automobile accident on Painter Hollow Road in Mineral County. Ms. Phares sued Mr. Brooks and his father.[1] On the day the trial began, the jury pool included Judith Dolechek. Although not evident from the *voir dire* transcript, later evidence in the case clearly illustrated that the circuit court was aware that Ms. Dolechek was employed by State Farm Insurance Company. At *voir dire* the circuit court asked, "I know there was a question raised, Ms. Dolechek, would, your work sometimes deals with things involving accidents. Would, would that, do you feel that would influence you in anyway?" Ms. Dolechek responded, "No, because I just do claims. I just type them in and that's it. . . . I have nothing more to do with it."

Thereafter, Ms. Phares's counsel, Mr. Staggers, asked, "[i]s there anyone who's familiar with Painter Hollow Road?" One juror who was unnamed in the *voir dire* transcript, verbally responded, "I know where it is." When Ms. Phares's counsel then asked, "Okay. For the record, can you state your names, please[,]" the voir dire transcript reads "(Jurors Peltier, Hanson, Beery and Steele gave their names.)" The voir dire transcript reveals that Ms. Dolechek did not answer. Thereupon, a jury was empaneled which included Ms. Dolechek. The jury returned a verdict apportioning fault at 50% and 50%, resulting in Ms. Phares receiving no damages.

After the jury was discharged and the term of court ended, Mr. Staggers contacted three jurors, including Ms. Dolechek. During his discussion with Ms. Dolechek, Mr. Staggers states that Ms. Dolechek admitted familiarity with Painter Hollow Road and further stated that the curve where the accident occurred was so dangerous that she could not imagine anyone could be at fault.

1. Charles J. Brooks was driving a car owned by    his father Charles L. Brooks.

Mr. Staggers also claimed that Ms. Dolechek expressed the opinion that everybody sues and that is why insurance rates are so high. Armed with this information, Mr. Staggers requested a hearing to inquire into whether Ms. Dolechek's answers about her insurance job and her lack of familiarity with Painter Hollow Road were false. When the circuit court refused to grant a hearing, Ms. Phares appealed. In ruling for Ms. Phares, we specifically found that

> [i]n this Court's view, the question posed by the appellant's attorney to the jury panel as to their knowledge of the scene of the accident was material in that it went to the question of whether the jurors could rule in the case solely on the evidence presented, rather than on personal knowledge.

*Phares I*, 211 W.Va. at 349, 566 S.E.2d at 236. We then went on in *Phares I* to conclude, "[a]fter a review of the facts of the case, this Court believes that the appellant plausibly showed that juror Dolechek failed to respond, or falsely responded to material *voir dire* questions ...." *Id.*, 566 S.E.2d at 236. We reversed and remanded with directions to the circuit court to hold "a hearing to determine whether, in fact, Ms. Dolechek falsely answered the questions posed to her on *voir dire*." *Id.*, 566 S.E.2d at 236. We then concluded that if Ms. Dolechek did not falsely answer the voir dire questions, the circuit court should reinstate the verdict, but if the answers were false, then Ms. Phares "should receive a new trial." *Id.* at 349–50, 566 S.E.2d at 236–37.

As a result of our remand in *Phares I*, the circuit court conducted a hearing on August 5, 2002 (hereinafter "the remand hearing."). Although not clear from the record before us, it appears that the circuit court directed Mr. Staggers to secure counsel for himself and that the Brookses then subpoenaed Mr. Staggers to testify at the remand hearing. It is, however, clear from the remand hearing transcript that Mr. Staggers did testify. He explained during the remand hearing that he attempted to contact all the jurors who sat on the jury, but succeeded in reaching only three of them-including Ms. Dolechek. As a result of his conversations with her, he testi-fied that Ms. Dolechek volunteered that before the trial she was familiar with Painter Hollow Road and was further familiar with the curve where the accident happened.

At the remand hearing, Ms. Dolechek admitted that she was familiar with Painter Hollow Road before the trial and that she believed that the curve where the accident occurred was dangerous. She denied, however, having a preconceived belief as to who was at fault in the accident. She further testified that she did not remember if she was asked during *voir dire* if she was familiar with Painter Hollow Road. Ms. Dolechek explained:

> I was excited about doing jury duty because I really didn't think I'd ever get picked for jury [sic], and I was a little nervous, very nervous in fact, when I first came in because I'd never done it before, and the first part, you know, is just, I don't remember a lot of things that went on. I remember you asking me about whether I worked for insurance and if I did claims and so forth, and I remember telling you that I typed them in and that was as far as they went with claims, and I remember the doctors and things of that sort, but it's been so long ago I don't remember everything.

The circuit court entered an order reinstating the verdict. The circuit court found that "Ms. Dolechek may have raised her hand in response to Mr. Staggers' *voir dire* question about Painter Hollow Road and that the court reporter simply did not see Ms. Dolechek based upon the layout of the courtroom and thus, her name was not included in the transcript." The court went on to find that "Ms. Dolechek may not have heard any question of *voir dire* concerning whether she was familiar with Painter Hollow Road and thus if she did not hear the question, made an honest omission." Finally, the circuit court found that the because Ms. Phares did not strike any of the four jurors who admitted familiarity with Painter Hollow Road, the *voir dire* question was not material. From this ruling, Ms. Phares timely appealed.

## II.

### STANDARD OF REVIEW

■ We begin our review by identifying the standard of review that governs this case. We have held that

[i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 3, *State v. Vance,* 207 W.Va. 640, 535 S.E.2d 484 (2000). Furthermore, we have held that, "[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. Pt. 4, *Sanders v. Georgia–Pac. Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976). Having set forth the guidelines which govern our review of this case, we now turn to the contentions of the parties before us.

### III.

### DISCUSSION

■ Ms. Phares claims that Ms. Dolechek falsely testified by not in responding to the material *voir dire* question about whether any juror was familiar with Painter Hollow Road. In contrast, the Brookses, consistent with the circuit court's order, make three responses. They first assert that Ms. Dolechek's failure to respond that she was familiar with Painter Hollow Road may be explained because it is plausible that Ms. Dolechek simply failed to hear the question. They also posit that Ms. Dolechek might actually have heard the question and raised her hand in affirmative response; but, that she was overlooked by the court reporter. Finally, she argues

that the question was not material. We reject these contentions and find that the circuit court abused its discretion in failing to grant Ms. Phares a new trial.

First, nothing in either the *voir dire* transcript nor the remand transcript supports the circuit court's conclusion that Ms. Dolechek may not have heard the question and that her failure to respond was not intentional. Ms. Dolechek was able to hear the circuit court's question concerning her employment and, moreover, four other jurors were able to hear the question about Painter Hollow Road-one of whom verbally responded, "I know where it is." Ms. Dolechek's testimony at the remand hearing is also devoid of any testimony that she actually heard the question and answered. Her testimony at the hearing was that she simply did not remember whether she heard the question when asked.[2] Indeed, the circuit court's order is facially speculative in finding that "Ms. Dolechek *may not* have heard any question of voir dire concerning whether she was familiar with Painter Hollow Road and thus *if* she did not hear the question, made an honest omission." (Emphasis added).

Second, nothing in either the *voir dire* transcript nor the remand transcript supports the circuit court's conclusion that Ms. Dolechek answered the question about Painter Hollow Road; but, the court reporter simply failed to see her raise her hand. The *voir dire* transcript reveals that when asked if any jurors were familiar with Painter Hollow Road, only four jurors responded in the affirmative and that Ms. Dolechek was not one of the four. Moreover, Ms. Dolechek did not testify at the remand hearing that she heard and answered the question about Painter Hollow Road. At best, her testimony was that she could not remember whether she heard the question when asked. We are again troubled by the circuit court's order when its conclusion is based upon speculation that "Ms. Dolechek *may* have raised her hand in response to Mr. Staggers' *voir dire* question and that the court reporter simply did not see Ms. Dolechek based upon the

2. Specifically, at the remand hearing, Ms. Dolechek was asked, "Did you hear the question

when it was asked at that time?" Ms. Dolechek answered, "That I do not remember."

layout of the courtroom and thus, her name was not included in the transcript." (Emphasis added).

■ Indeed, our review of the *voir dire* and remand hearing transcripts in this case establishes Ms. Phares right to relief under *Phares I*. During the remand hearing, Ms. Dolechek admitted she was familiar with Painter Hollow Road as well as the curve where the accident in this case occurred at the time *voir dire* occurred in this case. She also admitted that she considered the curve to be "dangerous." Notwithstanding these admissions, the circuit court engaged in mere speculation as to what *might have happened* at *voir dire* by advancing two inconsistent conclusions, each unsupported by the record. First, that Ms. Dolechek heard the question and answered while being overlooked by the court reporter. Alternatively, that Ms. Dolechek did not hear the question and thus honestly did not answer. We think that a circuit court's order cannot legitimately be based on speculation or divorced from the evidence in the record. *See, e.g., State v. Head,* 198 W.Va. 298, 302–303, 480 S.E.2d 507, 511–12 (1996) ("Although the circuit court's order speculates that such tactics would have resulted in a more timely consideration of the appellant's motion, that speculation is not supported by the record."); *State v. Snider,* 196 W.Va. 513, 519, 474 S.E.2d 180, 186 (1996) (per curiam) ("[S]peculation as to what may have taken place is not properly before this Court.") Here, the evidence is clear that, although Ms. Dolechek was familiar with Painter Hollow Road at the time of the *voir dire,* she did not respond when asked this question on *voir dire.*[3] Thus, the failure of Ms. Dolechek to respond to the question about Painter Hollow Road falls within our mandate in *Phares I* requiring a hearing and a new trial if so proven because "[a]fter a review of the facts of this case, this Court believes that the appellant

plausibly showed that juror Dolechek failed to respond, or falsely responded to material *voir dire* questions ...." 211 W.Va. at 349, 566 S.E.2d at 236.

■ Of course, our above conclusions are not fatal to the Brookses if we accept the circuit court's final justification for denying a new trial—that "the *voir dire* question of the Plaintiff as to familiarity with Painter Hollow Road was not a material question." We, however, must also reject this conclusion as well.

■ In syllabus point 1 of *Adkins v. American Casualty Co.,* 146 W.Va. 1045, 124 S.E.2d 457 (1962), we reiterated:

"The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal and it is regarded as the law of the case." Pt. 1, Syllabus, *Mullins v. Green,* 145 W.Va. 469 [, 115 S.E.2d 320 (1960)].

*See also State ex rel. Frazier & Oxley v. Cummings,* No. 31391, 214 W. Va. 802, 808–809, 591 S.E.2d 728, 734–735, 2003 WL 22387720 (October 15, 2003) (quoting Syl. Pt. 1, *Johnson v. Gould,* 62 W.Va. 599, 59 S.E. 611 (1907) (" '[A] circuit court has no power, in a cause decided by the Appellate Court, to re-hear it as to any matter so decided, and, though it must interpret the decree or mandate of the Appellate Court, in entering orders and decrees to carry it into effect, any decree it may enter that is inconsistent with the mandate is erroneous and will be reversed.' ") Our opinion in *Phares I* specifically concluded that

[i]n this Court's view, the question posed by the appellant's attorney to the jury panel as to their knowledge of the scene of the accident was material in that it went to

---

**3.** In its order, the circuit court found, in part, that "Ms. Dolechek ... testified that she did not have a preconceived notion about where the accident occurred ..." However, Ms. Dolechek's testified at the remand hearing:

Q  Ms. Dolechek, when you say you had some familiarity with the road before, what, did you have a preconceived opinion about that particular curve?

A  No, sir, I did not. I know its dangerous, but that's it.

Thus, although denying it, it is clear that Ms. Dolechek did have a preconceived idea of Painter Hollow Road and the curve where the accident occurred.

the question of whether the jurors could rule in the case solely on the evidence presented, rather than on personal knowledge.

211 W.Va. at 349, 566 S.E.2d at 236. Thus, we are bound by our opinion in *Phares I* that the *voir dire* question concerning Painter Hollow Road was material. Therefore, the circuit court could not depart from our finding that the question concerning knowledge of Painter Hollow Road was material.[4]

For the above reasons, we find that the circuit court abused its discretion as it acted under a "misapprehension of the law [and] the evidence[,]" Syl. Pt. 4, *Sanders v. Georgia–Pac. Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976), in denying Ms. Phares a new trial. Thus, we are compelled to reverse the circuit court and remand this case for a new trial.

## IV.

## CONCLUSION

For the preceding reasons, the judgment of the Circuit Court of Mineral County is reversed. This case is remanded with directions to award a new trial.[5]

Reversed and remanded.

---

4. We have observed in the past "that the rule known as 'law of the case' is not absolute[,]" *Highland v. Davis*, 121 W.Va. 524, 527, 6 S.E.2d 922, 923 (1939), and we have recently recognized that there are " 'narrowly configured and seldom invoked[,]' " exceptions that may allow a circuit court in limited circumstances to depart from one of our mandates. *Frazier & Oxley*, 214 W. Va. at 811–812 & n. 13, 591 S.E.2d at 737–738 & n. 13, 2003 WL 22387720 (citation omitted). The Brookses, though, make no legal argument justifying the circuit court's departure from *Phares I* nor any legal argument as to why we should depart from it. Thus, we remain bound by *Phares I*. We do note, however, as a matter of stare decisis rather than law of the case, that *Phares I* was a per curiam opinion and that "[a] *per curiam* opinion that appears to deviate from generally accepted rules of law is not binding on the circuit courts, and should be relied upon only with great caution." *Graf v. West Virginia Univ.*, 189 W.Va. 214, 429 S.E.2d 496 (1992). *See also Walker v. Doe*, 210 W.Va. 490, 495, 558 S.E.2d 290, 295 (2001) (citation omitted) (noting "that the 'value of any per curiam opinion ... is in large measure a function of the quality of the opinion's legal reasoning[.]' ") *Cf. State v. Guthrie*, 194 W.Va. 657, 679 n. 28, 461 S.E.2d 163, 185 n. 28 (1995) ("[A]s a practical matter, a precedent-creating opinion that contains no extrinsic analysis of an important issue is more vulnerable to being overruled [.]")

5. Given our conclusion that Ms. Phares is entitled to a new trial because Ms. Dolechek failed to answer a material *voir dire* question, we need not address Ms. Phares's other assignments of error.