# CHARLESTON.

## Milan v. Long.

### Submitted March 28, 1916.    Decided April 4, 1916.

1. LIBEL AND SLANDER—*Words Actionable—Charge of Crime.*

   The following item was published in a newspaper, namely: "At the session of court which began last Tuesday, Effie Milan was convicted.of perjury. She was sentenced to two years in the state penitentiary." *Held:* That such publication is actionable *per se.* (p. 104).

2. SAME—*Actions—Pleading—Damages.*

   Where words are actionable *per se,* it is not necessary to aver and prove special damages in order to entitle the plaintiff to general damages. The law implies all such damages as are the natural

and probable consequence of the words so spoken or written, in all cases where the words are actionable *per se.*   (p. 104).

3.  SAME—*Mitigation of Damages.*
     The fact that a publication was made as a news item by mistake or misinformation, and that no special damage resulted from the publication, and that the publisher promptly explained the mistake through the same newspaper, may be shown in evidence upon the trial, in mitigation of damages, but will not fully excuse the publisher.   (p. 105).

4.  SAME—*Actions—Issues and Proof—Damages.*
     Special damages can not be recovered in such case without an allegation and proof of loss or damages as a consequence of the publication.   (p. 107).

Error to Circuit Court, Cabell County.

Action by Effie Milan against J. H. Long.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Geo. S. Wallace,* for plaintiff in error.

*Daugherty & Riggs,* for defendant in error.

MASON, JUDGE:

On the 17th day of December, 1914, there appeared in "The Weekly Advertiser," a newspaper published in the city of Huntington, Cabell County, West Virginia, the following news item:  "At the session of court which began Tuesday, Effie Milan was convicted of perjury.   She was sentenced to two years in the state penitentiary."   On the 11th day of March, 1915, there appeared in the same newspaper the following statement in regard to said publication, namely: "CORRECTION MADE.   Jury in Case of Miss Milan, of Hamlin, Returned Quick Verdict of Not Guilty.   Through the misinformation of one of its news sources, The Advertiser on December 7th stated that Effie Milan, of Hamlin, had been sentenced to the state penitentiary for two years upon her conviction on a charge of perjury.   The article was erroneous and The Advertiser regrets that through being misinformed it may have been reflected upon Mrs. Milan's integrity. While Mrs. Milan was tried on the charge, the jury, after be-

ing out less than five minutes, returned a verdict of not guilty.'' The proprietor says he made this correction as soon as he learned the error had been made.

This suit was commenced February 27, 1915, and the declaration was filed at April rules. By this action the plaintiff seeks to recover from J. H. Long, the proprietor of said newspaper, damages for this publication. The declaration is in the usual form, and by way of innuendo avers that the publication meant that the plaintiff ''was convicted of the crime of perjury etc.'' The defendant demurred to the declaration and assigns as grounds of demurrer that the words complained of are not actionable *per se,* and are not actionable in the absence of an averment of special damages. We can not agree with counsel. Written words charging a person with the commission of any crime, whether a felony or a misdemeanor, are actionable, without allegation or proof of special damages. *Sweeney* v. *Baker,* 13 W. Va. 158.

In this case the publication says that the plaintiff has actually been convicted, and sentenced to two years in the state penitentiary. These words are actionable *per se.* The declaration is good. In addition to the plea of the general issue, the defendant was permitted to file a special plea, in which he avers that ''on the 4th day of June, 1914, the plaintiff was indicted by the Grand Jury, in and for the County of Lincoln, State of West Virginia, for perjury, and was afterwards, on the 9th day of December, 1914, tried in the Circuit Court of the said Lincoln County upon said indictment and was upon said trial, found not guilty. That this defendant who was then and there engaged in the business of publishing a newspaper, without malice in fact and in good faith, published what he believed was an accurate report of the public trial of the said plaintiff upon said indictment, in the Circuit Court of Lincoln County, West Virginia, and incorrectly stated that the plaintiff had been convicted and sentenced to the penitentiary for the period of two years, when in truth and fact, she had been acquitted, and as soon as he learned of the mistake or error he caused to be published in his paper, a correction of that part of the first report that was an error,

to-wit, that the plaintiff had been convicted and sentenced to the penitentiary and made an apology therefor.''

There was a trial by a jury, and verdict for the plaintiff for $300.00. The defendant moved to set aside the verdict, which was refused, and judgment entered. The defendant brings the suit here for review.

There is no material contradiction in the evidence. It is conceded that the publication was made as charged, and it is not denied that the correction was made as soon as the error was discovered. It is in proof that the plaintiff was indicted and tried as stated in the publication, but it also appears that she was acquitted by the jury—not convicted as stated. It clearly appears the the publication was not malicious; that it was made by mistake—that the defendant was misinformed, although he sought information from the proper officer of the court before publishing the item. There was no comment or effort to unnecessarily exploit the report he had received. It was simply a news item. It was not intended to injure the plaintiff, and there is not the slightest evidence that it did so. Special damages were not even charged in the declaration or attempted to be proved. The proceeding is founded on the legal liability of the defendant alone. The evidence shows beyond all doubt that the defendant made a mistake. The defendant has publicly explained, and expressed his regrets, and has done everything he can to make reparation, except to pay the defendant money. She has the right to demand this. The fact that the publication was made by an honest mistake, and explained in the same newspaper as soon as discovered, and was wholly free from malice, does not wholly excuse the author, in law; the words being actionable. *per se* entitles the plaintiff to a judgment. Such is the law, and the court must enforce it.

The defendant complains of the following instruction given at the instance of the plaintiff over the objection of the defendant, namely: ''The court instructs the jury that the law presumes damages from the publication of libelous matter and that upon the proof of a libelous publication the plaintiff may recover damages without proving actual pecuniary loss, therefore, if you believe from the evidence in this case that

the defendant published of and concerning the plaintiff the matter complained of in her declaration, and as therein alleged, and if you further believe that such matter was libelous and untrue, you may award her such damages as will reasonably and substantially compensate her for the mental anguish, if any, suffered by her, by reason of such publication.''

The defendant asked the court to give the following instructions, which were refused, and the defendant excepted:

''Defendant's Instruction No. 1. The court instructs the jury that a newspaper not only has the right to, but it is the duty of the newspaper to publish a fair and accurate account of trials before the courts of the country, and if the jury believe from the evidence in the case that the plaintiff was indicted and tried for perjury in the Circuit Court of Lincoln County and acquitted, and that the defendant, without malice, in fact published what he believed to be a true account of the result of the trial of the plaintiff, and erroneously stated that she had been convicted and sentenced, when in truth and fact, she had been acquitted, the mistake or misstatement as to the result of said trial is not actionable unless the plaintiff alleges and proves special damages by reason thereof.''

''Defendant's Instruction No. 2. The court instructs the jury that the foundation of the case at bar, which is known in law as an action for defamation, is the injury done to the reputation of the plaintiff, and if they believe from the evidence in this case that the plaintiff was indicted and tried in the circuit court of Lincoln County, West Virginia, for perjury, and upon said trial, was acquitted, and the defendant, without malice, relying upon what he believed was a reliable report of said trial, published the article complained of in plaintiff's declaration as an item of news in the newspaper, owned and controlled by him, although that part of said item, stating that the plaintiff had been convicted and sentenced to two years in the penitentiary, was false, that unless they further find from the evidence that the plaintiff sustained special damages as a result of the publication that the plaintiff was convicted and sentenced, they must find for the defendant.''

For reasons already stated, the court did not err in refusing these instructions.

It is insisted by counsel for defendant that plaintiff's instruction is erroneous, for the reason that the plaintiff could not recover in the absence of an allegation and proof of special damages. True, the plaintiff could not recover under this declaration for special damages. She does not ask to do so. She only asks in this instruction to recover by way of general damages for mental anguish. This is a proper element of general damages, and need not be specially alleged. Where the words are actionable *per se*, it is not necessary to aver or prove special damages, since in all such cases the law implies damages from the nature of the language used. 9 Enc. Dig. Va. & W. Va. 280, and cases cited. The damages thus implied are limited to such as are the natural or probable consequence of the defendant's action, and are presumed only where the words are actionable *per se*.

The judgment of the circuit court will be affirmed.

*Affirmed.*