# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard H.,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0065** (Berkeley County 16-C-121)

**Rachel B.,**
**Defendant Below, Respondent**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard H.,[1] pro se, appeals three orders of the Circuit Court of Berkeley County. In the first order, entered November 9, 2016, the circuit court granted Respondent Rachel B.'s motion for judgment as a matter of law at the close of petitioner's evidence at a September 28, 2016, bench trial. In subsequent orders, entered January 4, 2017, and January 11, 2017, the circuit court denied petitioner's motions to alter or amend the judgment. Respondent, by counsel Kirk H. Bottner, filed a corrected summary response. Petitioner filed a reply and a supplemental reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court for detailed findings of fact and conclusions of law regarding (1) whether petitioner is a private person or a public figure; (2) whether the review that respondent posted of petitioner's business touched on a matter of legitimate public interest; and (3) whether respondent acted with knowledge that certain of her assertions were false or with reckless disregard as to their falsity.

Petitioner, who has a criminal record, does business as a handyman, offering services such as carpentry, painting, and landscaping. In 2015, petitioner testified as a witness against respondent's father in a criminal case. Respondent's father consequently obtained information

---

[1]Because of a need to refer to Respondent Rachel B.'s father's expunged criminal case, the parties' first names and last initials are utilized pursuant to Rule 40(e)(1) of the West Virginia Rules of Appellate Procedure.

[2]Both respondent's corrected summary response and petitioner's supplemental reply were permitted by this Court's October 7, 2017, order.

regarding petitioner's prior convictions for impeachment purposes. On September 3, 2015, respondent posted a review of petitioner's business on the Facebook, Google Plus, and Yelp websites. The review stated:

> Rick [H.] is a 5 time convicted felon over the past 20 years. He is a thief, drug dealer, arsonist, and murderer. If you don't believe me, pull his record. Is this really who you want in your home and around your kids? Do some research before hiring him!

On March 14, 2016, petitioner filed a civil action against respondent alleging defamation *per se* and invasion of privacy.[3] A bench trial was held on September 28, 2016. Following the close of petitioner's evidence, respondent made a motion for a judgment as a matter of law, which was granted. In its November 9, 2016, order, the circuit court first awarded respondent judgment with regard to the defamation claim on the ground that petitioner failed to prove any injury. The circuit court found that respondent defamed petitioner. The circuit court noted that petitioner was "not a five[-]time felon, but a three[-]time felon,"[4] and that respondent's assertion that petitioner had been convicted of murder "turned out not to be true." Furthermore, the circuit court treated petitioner as a private person who only needs to show negligence on part of the statement's publisher. However, it appears that the circuit court treated petitioner's status as a three-time felon as a matter of legitimate public interest, ruling that "whether accusing someone who is a three[-]time convicted felon of being a five[-]time convicted felon would require some evidence to sustain the element of harm." Therefore, the circuit court found that, although petitioner proved that respondent defamed him, he failed to show that he suffered any damages.

With regard to petitioner's invasion of privacy claim, the circuit court awarded respondent judgment on the issue of liability. The circuit court treated petitioner as a public figure for purposes of this claim, finding that he held himself out to the public through the operation of a business. The circuit court found that petitioner's commercial activity meant that he could not show "an unreasonable intrusion into his private life." In support of its conclusion that petitioner could not show an invasion of his privacy, the circuit court further found that his convictions were "a matter of public record and thus do not intrude upon a private matter." Therefore, while the circuit court rejected petitioner's defamation claim based only on a failure to prove damages, the

---

[3]Defamation *per se* means "[a] statement that is defamatory in and of itself and is not capable of an innocent meaning." *Pritt v. Republican Nat. Comm.*, 210 W. Va. 446, 450 n.4, 557 S.E.2d 853, 857 n.4 (2001) (internal quotations and citations omitted). "At common law, defamation *per se* includes only imputations of a crime of moral turpitude, imputations of a loathsome disease, imputations of sexual misconduct by a woman, and imputations which affect a business, trade, profession or office." *Mauck v. City of Martinsburg*, 167 W. Va. 332, 336 n.3, 280 S.E.2d 216, 219 n.3 (1981) (citing Restatement (Second) of Torts §§ 571-74 (1977)).

[4]The circuit court found that petitioner's three prior felony convictions were: (1) attempt to traffic in methamphetamine by possession; (2) attempted aggravated arson; and (3) possession of prohibited weapons (explosives).

court rejected his invasion of privacy claim based on a failure to establish liability. Subsequently, the circuit court denied separate motions to alter or amend its November 9, 2016, order on January 4, 2017, and January 11, 2017. Petitioner now appeals the circuit court's orders entered on November 9, 2016, January 4, 2017, and January 11, 2017.

Because the circuit court granted respondent's motion for judgment as a matter of law at the close of petitioner's evidence at the parties' bench trial, the standard of review is de novo. As we held in syllabus point one of *Waddy v. Riggleman*, 216 W.Va. 250, 606 S.E.2d 222 (2004):

> The appellate standard of review for a circuit court order either granting or denying a motion for judgment as a matter of law in a bench trial, made pursuant to Rule 52 of the West Virginia Rules of Civil Procedure, is de novo. On appeal, this Court, after considering the evidence in the light most favorable to the non[-]movant party, will sustain the granting of a judgment as a matter of law when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

We have further held, in syllabus point one of *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998), that a denial of a motion to alter or amend judgment is reviewed under the same standard as the underlying judgment.

<u>The circuit court's findings of fact and conclusions of law
are insufficient to allow meaningful review of the circuit court's ruling.</u>

Although our standard for reviewing the November 9, 2016, order is de novo, the circuit court was required to "set out factual findings sufficient to permit meaningful appellate review." Syl. Pt. 1, *P.T.P., IV by P.T.P, III v. Board of Educ. of the County of Jefferson*, 200 W.Va. 61, 488 S .E.2d 61 (1997); Syl. Pt. 3, *Fayette County Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds*, *Sostaric v. Marshall*, 234 W.Va. 449, 766 S.E.2d 396 (2014). In this case, we find that the circuit court failed to set forth findings sufficient to permit meaningful review. As we explained in *Lilly*, "[t]his Court's function, as a reviewing court is to determine whether the stated reasons for the granting of [the] judgment by the lower court are supported by the record." 199 W.Va. at 353, 484 S.E.2d at 236.

In its November 9, 2016, order, the circuit court made contradictory determinations as to whether petitioner is a private person or a public figure and an unclear determination as to whether respondent's review of petitioner's business touched on a matter of legitimate public interest. Under defamation law, whether the plaintiff is a private person or a public figure is critically important because "public officials or public figures must prove by clear and convincing evidence that the defendants made their defamatory statement" with actual malice which is "knowledge that it was false or [a] reckless disregard of whether it was false." Syl. Pt. 2, *State ex rel. Suriano v. Gaughan*, 198 W.Va. 339, 480 S.E.2d 548 (1996). In contrast, private persons "need only show that the defendants were negligent in publishing the false and defamatory statement." *Id.* With regard to privacy law, whether the plaintiff is a public figure determines whether he or she is a

3

"newsworthy subject"; if so, the invasion of privacy claim is defeated. *Crump v. Beckley Newspapers, Inc.*, 173 W.Va. 699, 712, 320 S.E.2d 70, 83 (1983).[5]

In syllabus point nine of *Crump*, we held that "[t]he 'right of privacy' does not extend to communications which are privileged under the law of defamation[,] which concern public figures *or matters of legitimate public interest.*" *Id.* at 703, 320 S.E.2d at 74 (emphasis added). Whether a topic is a matter of legitimate public interest affects both defamation and privacy law "because restricting speech on purely private matters does not implicate the same constitutional concerns as limiting speech on matters of public interest." *Snyder v. Phelps*, 562 U.S. 443, 452 (2011); *see Crump*, 173 W.Va. at 712, 320 S.E.2d at 83 (noting that a matter of legitimate public interest is the other "newsworthy subject," the presence of which will defeat an invasion of privacy claim); *Havalunch, Inc. v. Mazza*, 170 W.Va. 268, 270, 294 S.E.2d 70, 73 (1981) (noting that, since the Supreme Court's decision in *New York Times v. Sullivan*, 376 U.S. 254 (1964), there has been a "free speech gloss" put on defamation law). Given the circuit court's rejection of petitioner's defamation claim based only on a failure to prove damages, we note that a wider array of damages is permitted without a showing of actual malice where the statement does not involve a matter of legitimate public interest. *See Long v. Egnor*, 176 W.Va. 628, 633 n.5, 346 S.E.2d 778, 783 n.5 (1986) (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 763 (1985) (plurality opinion)); *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 774-75 (1986) (discussing both *New York Times* and *Dun & Bradstreet*).[6]

In the instant case, with regard to petitioner's defamation claim, the circuit court treated him as a private person because the court analyzed the claim under syllabus point one of *Crump*, in which we set forth the elements that a private person must prove to succeed on such a claim. *See* 173 W.Va. at 703, 320 S.E.2d at 74. However, the circuit court later contradicted itself by treating petitioner as a public figure for purposes of his invasion of privacy claim, finding that he held himself out to the public through the operation of a business. The circuit court found that petitioner's commercial activity meant that he could not show "an unreasonable intrusion into his private life." However, given that both of petitioner's claims arose out of the same nucleus of operative facts, we cannot discern how petitioner could be a private person with regard to the defamation claim, but a public figure for his invasion of privacy claim. Therefore, we find that the circuit court must set forth sufficient findings to reconcile and support its rulings.

The circuit court's decision further eludes review because the court made an unclear determination as to whether respondent's post touched on a matter of legitimate public interest. With regard to the defamation claim, the circuit court treated petitioner's status as a three-time felon as a matter of legitimate public interest because it found that "whether accusing someone

---

[5]We note that a plaintiff can be an "involuntary public figure" or a "limited purpose public figure." *See* Syl. Pt. 3, *Wilson v. Daily Gazette Co.*, 214 W.Va. 208, 588 S.E.2d 197 (2003).

[6]As explained *infra*, while we affirm the circuit court's determination that petitioner rested his case at the September 28, 2016, bench trial without putting on any evidence of damages, he may still be entitled to recover certain types of damages.

4

who is a three[-]time convicted felon of being a five[-]time convicted felon would require some evidence to sustain the element of actual harm." For this proposition, the circuit court relied on this Court's decision in *Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 211 S.E.2d 674 (1975). However, in *Sprouse*, we addressed a defamation action by an unsuccessful candidate for Governor, a public figure, who had to prove actual malice rather than negligence in order to recover. *Id.* at 427, 211 S.E.2d at 679, syl. pt. 1. Here, the circuit court analyzed petitioner's defamation claim as if he were a *private person*. While a private person may be involved in a matter of legitimate public concern,[7] the public is generally less interested in a private person's activities. With regard to the invasion of privacy claim, the circuit court found that petitioner's convictions were "a matter of public record and thus do not intrude upon a private matter." However, as respondent concedes, petitioner was "not a five[-]time felon, but a three[-]time felon," and her assertion that he had been convicted of murder "turned out not to be true." Given that respondent's inaccurate post failed to match the public record, we find that the circuit court failed to reconcile those findings with its apparent conclusion that respondent's post did not cast petitioner in a false light. *See Crump*, 173 W.Va. at 703, 320 S.E.2d at 74, syl. pt. 12. Therefore, we conclude that the circuit court's findings as to whether respondent's review of petitioner's business touched on a matter of legitimate public interest were unclear.

Finally, we find that the circuit court's determination that respondent did not act with actual malice in posting her review of petitioner's business is insufficient to allow meaningful review because it is conclusory. The circuit court found that petitioner alleged that respondent showed "a reckless disregard of the truth," but failed to prove his allegation of actual malice. Given the procedural posture in which the circuit court granted respondent's motion for a judgment as a matter of law pursuant to Rule 52—where the evidence is construed in the light most favorable to the non-moving party—the court must set forth findings explaining how petitioner failed to establish actual malice on respondent's part. Therefore, we reverse the circuit court's decision to grant respondent's motion for a judgment as a matter of law and remand this case to the circuit court for detailed findings of fact and conclusions of law regarding (1) whether petitioner is a private person or a public figure; (2) whether the review that respondent posted of petitioner's business touched on a matter of legitimate public interest; and (3) whether respondent acted with knowledge that certain of her assertions were false or with reckless disregard as to their falsity.

<u>The circuit court's other rulings are affirmed.</u>

Petitioner challenges various other rulings that we now resolve so that those issues will not be re-raised on remand to the circuit court. First, petitioner argues that the circuit court erred in denying his multiple requests to continue the September 28, 2016, trial due to alleged discrepancies in respondent's discovery responses. "The granting of a continuance is a matter within the sound discretion of the trial court[.]" Syl. Pt. 1, *State v. Dunn*, 237 W.Va. 155, 786 S.E.2d 174 (2016) (internal quotations and citations omitted); Syl. Pt. 1, *Levy v. Scottish Union & National Ins. Co.*, 58 W.Va. 546, 52 S.E. 449 (1905) (holding that rulings as to whether to grant a continuance will not be reviewed except in cases where "it clearly appears that such discretion has

---

[7]*See Philadelphia Newspapers*, 475 U.S. at 775.

been abused"). Based on our review of both respondent's discovery responses and her trial testimony, we find that not only are the discovery responses consistent with themselves, but also consistent with respondent's testimony at trial. Therefore, we concur with the circuit court's determination that petitioner did not need a continuance to conduct additional discovery and find that the court did not abuse its discretion in denying petitioner's requests for one.

Petitioner next argues that the circuit court erred in denying various requests for leave to amend his complaint to add respondent's father and/or her mother as defendants based on the allegation that respondent's family conspired together to injure his reputation. Pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure, "[l]eave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion[.]" Syl. Pt. 4, *Bowyer v. Wyckoff*, 238 W.Va. 446, 796 S.E.2d 233 (2017) (internal quotations and citations omitted). In this case, the record reflects that there are two connections between petitioner and respondent's family. The first connection is that respondent's family attended the same church as petitioner's mother. Additionally, as previously noted, respondent's father properly obtained information regarding petitioner's past convictions as part of a prior criminal case in which petitioner was a witness against respondent's father. Therefore, based on our review of the record, we find that the fact that respondent's father may have discussed petitioner's criminal history with his wife and daughter is not surprising and does not alone support a claim that they conspired together to injure petitioner's reputation. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's requests for leave to amend his complaint to add respondent's father and/or her mother as defendants.

Finally, petitioner argues that the circuit court denied him an opportunity to present his evidence that he suffered damages as a result of respondent's negative review of his business. "The fundamental requirement of procedural due process in a civil proceeding is 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *In Re: J.S.*, 233 W.Va. 394, 402, 758 S.E.2d 747, 755 (2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). At a September 19, 2016, pretrial conference, the circuit court inquired whether petitioner would testify in support of his claims. Petitioner answered, "I don't think I need to take the stand." When the circuit court expressed surprise at that answer, petitioner explained that "the evidence [spoke] for itself." Nevertheless, given the obvious difficulty of questioning oneself, the circuit court ruled that it would allow petitioner to testify in the narrative should he choose to do so.

At the September 28, 2016, bench trial, petitioner presented the testimony of his mother and respondent and then informed the circuit court that he would not call any other witnesses. The circuit court inquired whether that was the conclusion of petitioner's case. Petitioner answered, "Yes." At that point, respondent made a motion for a judgment as a matter of law pursuant to Rule 52. Petitioner then noted the circuit court's ruling from the pretrial conference that he would be allowed to testify in the narrative:

> [Petitioner]: Well, Your Honor, when we last met, you informed me that I would
> have my chance to present my entire case. . . .

THE COURT: Well, is it your intention to testify today?

[Petitioner]: Your Honor told me that you were going to allow—I'm not going to take the stand, but I would like to present the rest of my case.

The circuit court ruled that petitioner could not present oral testimony if he was "not going to take the stand[.]" The circuit court allowed petitioner to argue that respondent's motion for a judgment as a matter of law should be denied. During petitioner's argument, he stated that respondent's defamatory statement had injured him and that he experienced mental anguish. Respondent objected that petitioner was attempting to testify as to whether he suffered damages. The circuit court ruled that petitioner's statements were not testimony. In response, petitioner renewed his argument that he "did not get to present [his] entire case." Consequently, the circuit court again asked petitioner, "Are you going to testify or not?" Petitioner answered, "No, Your Honor." Therefore, the circuit court ruled that petitioner concluded his presentation of evidence when his mother was excused as a witness.

Based on our review of the trial transcript, we find that, although not entirely clear, petitioner seemingly argues that he reasonably believed that he could present oral testimony without being sworn as a witness. Respondent counters that, given petitioner's prior experience with the criminal justice system, it strains credulity for him to suggest that he would have not known that he needed to be sworn as a witness to provide oral testimony. We agree with respondent and note that, at trial, the circuit court asked petitioner at least twice whether he desired to testify and he answered in the negative both times. Therefore, we reject petitioner's argument that he was denied an opportunity to be heard and find that the circuit court did not err in finding that petitioner rested his case without putting on any evidence of damages.

While we affirm the circuit court's determination that petitioner rested his case at the September 28, 2016, bench trial when his mother was excused as a witness, petitioner argues that his failure to present evidence of damages is not fatal given the nature of his claims. We agree. In syllabus point 2 of *Milan v. Long*, 78 W.Va. 102, 88 S.E. 618 (1916), we held that "it is not necessary to aver and prove special damages in order to entitle the plaintiff to general damages" in an action alleging defamation per se because "[t]he law implies all such damages as are the natural and probable consequence of the words so spoken or written, in all cases where the words are actionable *per se*."[8] In *Henick v. Fast-Track Anesthesia Associates, LLC*, No. 11-1145, 2012 WL 5908939, at *5-6 (W.Va. November 26, 2012) (memorandum decision), we recently relied on our decision in *Milan* to uphold an award of general damages in the amount of $100,000. With regard to petitioner's other claim, in Syl. Pt. 3, *Rohrbaugh v. Wal-Mart Stores, Inc.*, 212 W.Va. 358, 572 S.E.2d 881 (2002), we held:

---

[8] Special damages are "any actual monetary loss[es] that may have been suffered." *Rohrbaugh v. Wal-Mart Stores, Inc.*, 212 W.Va. 358, 365 n.18, 572 S.E.2d 881, 888 n.18 (2002). General damages are "[d]amages that the law presumes follow from the type of wrong complained of[.]" Black's Law Dictionary 472 (10th ed. 2014).

When a plaintiff has established liability for invasion of privacy, the plaintiff is entitled to recover damages for (1) the harm to his/her interest in privacy resulting from the invasion; (2) his/her mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; (3) special damages of which the invasion is a legal cause; *and (4) if none of the former damages is proven, nominal compensatory damages are to be awarded.*

(emphasis added).

But, as explained above, we find that the circuit court's findings of fact and conclusions of law are insufficient to allow meaningful review of the court's decision to grant respondent's motion for a judgment as a matter of law with regard to both damages and liability. For the foregoing reasons, we affirm, in part, and reverse, in part, the November 9, 2016, January 4, 2017, and January 11, 2017, orders of the Circuit Court of Berkeley County and remand this case to the circuit court for detailed findings of fact and conclusions of law regarding (1) whether petitioner is a private person or a public figure; (2) whether the review that respondent posted of petitioner's business touched on a matter of legitimate public interest; and (3) whether respondent acted with knowledge that certain of her assertions were false or with reckless disregard as to their falsity.

Affirmed, in part, Reversed, in part, and Remanded with Directions.

**ISSUED**:   May 18, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

8