**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Richard H.,**
**Plaintiff Below, Petitioner**

**vs) No. 18-1004** (Berkeley County 16-C-121)

**Rachel B.,**
**Defendant Below, Respondent**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Richard H.,[1] pro se, appeals the September 5, 2018, amended judgment order of the Circuit Court of Berkeley County finding in petitioner's favor on his defamation and invasion of privacy claims and awarding him $1 in nominal damages.[2] Respondent Rachel B., by counsel Kirk H. Bottner, filed a summary response. Petitioner filed a reply.

---

[1]Because petitioner's previous appeal from the circuit court's November 9, 2016, order granting Respondent Rachel B.'s motion for judgment as a matter of law was treated as confidential, we also treat this appeal as confidential due to a need to refer to the prior appeal in *Richard H. v. Rachel B.* ("*Richard H. I*"), No. 17-0065, 2018 WL 2277775 (W. Va. May 18, 2018) (memorandum decision).

[2]Following this Court's remand in *Richard H. I* directing the circuit court to clarify its rulings by making detailed findings of fact and conclusions of law, petitioner filed numerous motions and/or pleadings requesting a hearing on the issues to be clarified and requesting to be heard on the issue of damages. We find that the later request was precluded by our decision in *Richard H. I. See* 2018 WL 2277775, at *5. With regard to the former request, we concur with the circuit court's finding that it was not required to hold a hearing on the issues to be clarified given that our direction was only to more fully explain its reasoning. We further note that petitioner filed his final motion on October 31, 2018, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. In an order entered on November 5, 2018, the circuit court found that the motion was untimely under Rule 59(e) given that it was filed more ten days after the entry of the September 5, 2018, amended judgment order. The circuit court also referenced its earlier correct rulings denying petitioner's post-remand requests.

1

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, who has a criminal record, does business as a handyman, offering services such as carpentry, painting, and landscaping. Respondent's family attended the same church as petitioner's mother. Respondent learned of petitioner's record as a result of a criminal case in which petitioner was a witness and respondent's father was the defendant.

On March 14, 2016, petitioner filed a civil action against respondent alleging defamation per se and invasion of privacy regarding a September 3, 2015, review of petitioner's business respondent posted on the Facebook, Google Plus, and Yelp websites.[3] The review stated: "Rick [H.] is a 5 time convicted felon over the past 20 years. He is a thief, drug dealer, arsonist, and murderer. If you don't believe me, pull his record. Is this really who you want in your home and around your kids? Do some research before hiring him!" The parties agree that petitioner has been convicted of three (not five) felonies: (1) attempt to traffic in methamphetamine by possession; (2) attempted aggravated arson; and (3) possession of prohibited weapons (explosives). In addition to misstating the number of petitioner's felony convictions, the parties further agree that respondent's statement that petitioner was a murderer was false.

The circuit court held a bench trial on petitioner's defamation and invasion of privacy claims on September 28, 2016. During petitioner's case-in-chief, he presented the testimony of respondent and petitioner's mother. Following the close of petitioner's evidence, respondent made a motion for a judgment as a matter of law, which the circuit court granted. Petitioner filed an appeal from the circuit court's November 9, 2016, order. In *Richard H. I*, this Court affirmed the

---

[3]As we found in *Richard H. I*:

> Defamation *per se* means "[a] statement that is defamatory in and of itself and is not capable of an innocent meaning." *Pritt v. Republican Nat. Comm.*, 210 W. Va. 446, 450 n.4, 557 S.E.2d 853, 857 n.4 (2001) (internal quotations and citations omitted). "At common law, defamation *per se* includes only imputations of a crime of moral turpitude, imputations of a loathsome disease, imputations of sexual misconduct by a woman, and imputations which affect a business, trade, profession or office." *Mauck v. City of Martinsburg*, 167 W. Va. 332, 336 n.3, 280 S.E.2d 216, 219 n.3 (1981) (citing Restatement (Second) of Torts §§ 571-74 (1977)).

2018 WL 2277775, at *1 n.3.

circuit court's procedural and evidentiary rulings, including the finding that "petitioner rested his case without putting on any evidence of damages." *Richard H. I*, 2018 WL 2277775, at \*5. However, we reversed the circuit court's decision to grant respondent's motion for a judgment as a matter of law and remanded the case for detailed findings of fact and conclusions of law with regard to "(1) whether petitioner is a private person or a public figure; (2) whether the review that respondent posted of petitioner's business touched on a matter of legitimate public interest; and (3) whether respondent acted with knowledge that certain of her assertions were false or with reckless disregard as to their falsity." *Id.* at \*4.

In a June 22, 2018, order, the circuit court made detailed findings pursuant to this Court's decision in *Richard H. I* and again found in respondent's favor on petitioner's defamation and invasion of privacy claims. On July 3, 2018, petitioner filed a motion to alter or amend the June 22, 2018, order pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. On June 25, 2018, petitioner filed a request to attach respondent's real estate, pursuant to West Virginia Code § 38-7-2, in the expectation of obtaining a substantial money judgment. By order entered on August 3, 2018, the circuit court denied petitioner's request, finding that he was seeking to attach real estate worth approximately $399,900.

On August 13, 2018, petitioner filed a motion to disqualify the judge presiding in his case. By administrative order entered on August 29, 2018, the Chief Justice denied the disqualification motion and directed the judge to continue presiding in this case. Subsequently, by an order entered on September 5, 2018, the circuit court granted petitioner's July 3, 2018, Rule 59(e) motion to the extent that it decided to rule in petitioner's favor on his defamation and invasion of privacy claims and award him nominal damages. Accordingly, in an amended judgment order, also entered on September 5, 2018, the circuit court revised its findings, ruled in petitioner's favor, and awarded him $1 in nominal damages. Petitioner now appeals the circuit court's September 5, 2018, amended judgment order.

In Syllabus Point 1 of *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996), we held:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Here, in the part of the November 9, 2016, order we reversed in *Richard H. I*, the circuit court granted respondent's motion for a judgment as a matter of law made following the close of petitioner's evidence at the September 28, 2016, bench trial. Upon remand from *Richard H. I*, in its September 5, 2018, amended judgment order, the circuit court found in petitioner's favor on his defamation and invasion of privacy claims and awarded him $1 in nominal damages. Therefore, we find that the circuit court effectively denied respondent's motion for a judgment as a matter of law and instead rendered judgment based on the evidence presented during petitioner's case-in-

3

chief. Given our determination in *Richard H. I* that petitioner rested his case at the September 28, 2016, trial, *see* 2018 WL 2277775, at \*5, we construe the circuit court's amended judgment order as constituting a judgment following a bench trial and review this case pursuant to the standard set forth in Syllabus Point 1 of *Public Citizen*.

On appeal, petitioner renews his request for the presiding judge's disqualification and argues that the judge's rulings after the entry of the August 26, 2018, administrative order exhibit prejudice against him. We reject petitioner's argument given that disagreement with a judge's substantive rulings constitutes an insufficient basis on which to disqualify the judge. *See State v. Brown*, 177 W. Va. 633, 641, 355 S.E.2d 614, 622 (1987) (finding that there was no reason to question the trial judge's impartiality and that the judge's "rulings on the appellant's pretrial motions had a reasonable basis in law").

Petitioner further argues that on remand, the circuit court failed to clarify its findings regarding the three issues this Court found were left unclear in the circuit court's November 9, 2016, order. *See Richard H. I*, 2018 WL 2277775, at \*4. Based on our review of the circuit court's September 5, 2018, amended judgment order, we find that the circuit court clearly determined that (1) petitioner is a private person; (2) respondent's review of petitioner's business did not touch on a matter of legitimate public interest given that the review contained both true and false statements; and (3) respondent did not act with knowledge that certain of her assertions were false or with reckless disregard as to their falsity. The circuit court further determined that respondent was negligent in making the false statements she included in her review, and therefore, found in petitioner's favor on his defamation and invasion of privacy claims. Accordingly, we conclude that the circuit court complied with our decision in *Richard H. I* by making clear findings, and based on those findings, entered judgment in favor of petitioner.

Petitioner further argues that he is entitled to general and punitive damages on his defamation and invasion of privacy claims. Respondent counters that the circuit court correctly awarded petitioner $1 in nominal damages. We agree with respondent.

In Syllabus Point 3 of *Phares v. Brooks*, 214 W. Va. 442, 590 S.E.2d 370 (2003), we held:

> "'The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal and it is regarded as the law of the case.' Pt. 1, Syllabus, *Mullins v. Green*, 145 W. Va. 469[, 115 S.E.2d 320 (1960)]." Syllabus point 1, *Adkins v. American Casualty Co.*, 146 W. Va. 1045, 124 S.E.2d 457 (1962).

Here, we find that our determination in *Richard H. I* that petitioner failed to prove damages constitutes the law of this case.[4]

---

[4]Pursuant to Rule 21(a) of the Rules of Appellate Procedure, our memorandum decision in *Richard H. I* constitutes an adjudication on the merits. *See In Re: T.O.*, 238 W. Va. 455, 464, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W. Va. 143, 151, 764 S.E.2d 303, 311 (2014).

With regard to types of damages, we found in *Richard H. I* that "[s]pecial damages are 'any actual monetary loss[es] that may have been suffered.'" 2018 WL 2277775, at *5 n.8 (quoting *Rohrbaugh v. Wal-Mart Stores, Inc.*, 212 W. Va. 358, 365 n.18, 572 S.E.2d 881, 888 n.18 (2002)). We further found in *Richard H. I* that "[g]eneral damages are '[d]amages that the law presumes follow from the type of wrong complained of[.]'" *Id.* (quoting Black's Law Dictionary 472 (10th ed. 2014)). In *Rohrbaugh*, we determined that nominal damages may be recovered "when no actual injury is shown in an invasion of privacy action." 212 W. Va. at 364, 572 S.E.2d at 887.

Here, we find that our decision in *Richard H. I* precluded any award of special damages because such damages have to be proven. *See* Syl. Pt. 3, *Rohrbaugh*, 212 W. Va. at 360, 572 S.E.2d at 883 (invasion of privacy); Syl. Pt. 4, *Milan v. Long*, 78 W. Va. 102, 88 S.E. 618 (1916) (defamation per se). In Syllabus Point 2 of *Milan*, we held in pertinent part that general damages may be presumed provided that the general damages award is related to "the natural and probable consequence[s] of the words so spoken or written[.]" 78 W. Va. at 102, 88 S.E. at 618. Similarly, in *Rohrbaugh*, we found that punitive damages may be appropriate in a case where nominal damages are awarded provided the punitive damages award "bear[s] a reasonable relationship to the [nominal] compensatory damages." 212 W. Va. 358, 365 n.19, 572 S.E.2d 881, 888 n.19 (quoting *Garnes v. Fleming Landfill, Inc.*, 186 W. Va. 656, 668, 413 S.E.2d 897, 909 (1991)) (Internal quotations omitted).[5] Based on our review of the record, we find that there was no factual basis on which to either presume general damages as the natural and probable consequences of respondent's false statements or make an award of punitive damages where the falsity of respondent's statements was only a matter of degree. As found by the circuit court, "[petitioner] is a three-time felon, not a five-time felon," whose felony convictions "are a matter of public record" and include crimes which could have ultimately led to a person's violent death. Therefore, we conclude that the circuit court did not err in finding that petitioner is entitled to only nominal damages under the facts and circumstances of this case.

For the foregoing reasons, we affirm the circuit court's September 5, 2018, amended judgment order finding in petitioner's favor on his defamation and invasion of privacy claims and awarding him $1 in nominal damages.[6]

Affirmed.

---

[5]In *Hensley v. Erie Insurance Company*, 168 W.Va. 172, 183, 283 S.E.2d 227, 233 (1981), we found that the purpose of punitive damages is to both punish and deter future misconduct.

[6]Our affirmation of the circuit court's decision that petitioner is entitled to only nominal damages renders the circuit court's denial of petitioner's request to attach respondent's real estate moot. *See* Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908) (holding that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court").

**ISSUED**: December 20, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison